J-S12010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE A. YATES | : | |
| | : | |
| Appellant | : | No. 3366 EDA 2018 |

Appeal from the Order Entered October 12, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004823-1998

BEFORE: SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 9, 2020**

Appellant, Clarence A. Yates, appeals *pro se* from the October 12, 2018 order denying his untimely post-sentence motion. It is apparent that Appellant's filing actually was an untimely seventh petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After review, we affirm the order dismissing Appellant's filing, but we do so on grounds different than the lower court. *See **Commonwealth v. Wilcox**,* 174 A.3d 670, 674 n.4 (Pa. Super. 2017) (explaining that the Superior Court is not bound by the rationale of the lower court, and we may affirm the trial court's order on any basis supported by the record).

---

[*] Retired Senior Judge assigned to the Superior Court.

In its Pa.R.A.P. 1925(a) opinion, the common pleas court set forth aspects of the convoluted procedural history of this case, which we have augmented where necessary, as follows:

The factual basis of Appellant's case has been recited a multitude of times for purposes of Appellant's various appeals. As the factual basis of Appellant's conviction is not relative to the current appeal issue, it need not be recited in its entirety; rather, this [c]ourt sets forth the following brief synopsis for the record.

Following a jury trial conducted approximately twenty years ago,[1] Appellant was convicted of [two counts each of] rape [and] corrupting the morals of a minor, and [one count of] involuntary deviate sexual intercourse.[2] The victim was Appellant's ten-year-old niece. On April 26, 1999, Appellant was sentenced by the Honorable Frank T. Hazel, to thirteen to forty-five years of incarceration.

Appellant filed a direct appeal. The Superior Court affirmed the judgment of sentence in an opinion filed on June 22, 2000, and the Pennsylvania Supreme Court denied a petition for allowance of appeal on December 29, 2000.[3]

Appellant filed his first PCRA petition and, after an evidentiary hearing, the request for relief was denied. Denial of relief was affirmed by the Superior Court in a memorandum opinion on August 9, 2004.[4] Appellant then filed his second PCRA

_____

[1] Appellant's three-day jury trial concluded on March 19, 1999. Direct Appeal Trial Court Opinion, 12/3/99, at 1.

[2] 18 Pa.C.S. §§ 3121(a)(6), 6301(a), and 3123(a)(6), respectively.

[3] *Commonwealth v. Yates*, 760 A.2d 435, 1748 EDA 1999 (Pa. Super. filed June 22, 2000) (unpublished memorandum), *appeal denied*, 764 A.2d 1069, 538 MAL 2000 (Pa. filed December 29, 2000).

[4] *Commonwealth v. Yates*, 860 A.2d 1137, 2132 EDA 2002 (Pa. Super. filed August 9, 2004) (unpublished memorandum).

petition. An evidentiary hearing was conducted, and the petition was dismissed as untimely. Appellant appealed, and the Superior Court affirmed on March 27, 2006. A petition for allowance of appeal was denied by the Pennsylvania [Supreme] Court on December 5, 2006.[5]

On July 19, 2010, Appellant filed a "Petition Requesting Post-Conviction DNA Testing" which was ultimately dismissed. On November 23, 2010, Appellant filed a third PCRA petition which was dismissed without an evidentiary hearing. [Appellant did not appeal the dismissal.] On February 4, 2011, Appellant filed "Addendum Newly Discovered Evidence and Alibi Witness Pursuant to Pa Rules of Criminal Procedure." This [c]ourt properly treated the motion as a fourth PCRA petition[,] and it was dismissed without an evidentiary hearing. On April 15, 2011, Appellant filed a notice of appeal. The appeal was quashed by the Superior Court on November 2, 2011.[6]

On August 21, 2015, Appellant filed a petition alleging that his sentence was illegal pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). This [c]ourt properly treated the petition as Appellant's fifth PCRA Petition. The petition was ultimately dismissed without a hearing. [Appellant did not file an appeal.[7]]

On October 10, 2018, Appellant filed a "Motion to Modify and Reduce Sentence" pursuant to Pa.R.Crim.P. 720, wherein he

---

[5] ***Commonwealth v. Yates***, 897 A.2d 524, 417 EDA 2005 (Pa. Super. filed January 31, 2006) (unpublished memorandum), *appeal denied*, 912 A.2d 838, 599 MAL 2006 (Pa. filed December 5, 2006).

[6] ***Commonwealth v. Yates***, 38 A.3d 910, 1071 EDA 2011 (Pa. Super. filed November 2, 2011) (unpublished memorandum).

[7] Appellant also filed a civil rights action in federal court that was dismissed on August 8, 2017. Reconsideration was denied. ***Yates v. Wetzel***, 2017 WL 3394477, 3:CV-15-0756 (M.D.Pa. filed August 8, 2017), *reconsideration denied*, 2018 WL 1203618, 3:CV-15-0756 (M.D.Pa. filed March 8, 2018).

While the federal action was pending, Appellant filed a "Writ of Mandamus" on March 13, 2017, which the common pleas court treated as Appellant's sixth PCRA petition. The PCRA court dismissed the petition on April 10, 2017. Order, 4/10/17. Appellant did not appeal the dismissal.

asked the [c]ourt to reduce or modify his sentence due to his regret for the crime committed as well as the programs he has taken while in prison. This [c]ourt issued an order dismissing the Motion, as it was well beyond ten days after the imposition of sentence. [Order, 10/12/18.]

Pa.R.A.P. 1925(a) Opinion, 11/25/19, at 1–3 (footnote omitted).

Appellant mailed a *pro* se notice of appeal directly to this Court's Middle District Prothonotary rather than correctly filing the notice of appeal with the Delaware County Office of Judicial Support. The Superior Court Middle District Prothonotary date-stamped the *pro se* notice of appeal as received on November 14, 2018, but it did not send the *pro* se notice to the Delaware County filing office as required by Pa.R.A.P. 905(a)(4), which provides, in pertinent part, as follows:

**Rule 905. Filing of Notice of Appeal**

**(a) Filing with clerk.**

\* \* \*

(4) If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system**, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from**, and upon payment of an additional filing fee **the notice of appeal shall be deemed filed in the trial court on the date originally filed.**

Pa.R.A.P. 905(a)(4) (emphases added). Instead, the Middle District filing office forwarded the *pro se* notice of appeal to the Superior Court Eastern District Prothonotary, where staff discovered that the date of the order

- 4 -

appealed was not indicated. This Court issued a rule to show cause why the appeal should not be quashed "as having been taken from a purported order which is not entered upon the appropriate docket of the lower court." Order, 2/25/19. Appellant filed a *pro se* response. On October 15, 2019, this Court entered an order referring the issue raised in the rule to show cause "to the panel assigned to decide the merits of this appeal," and further directed our Prothonotary "to forward the notice of appeal filed with this Court on November 14, 2018, to the trial court for filing." Order, 10/15/19. Upon its receipt in the common pleas court, the lower court docketed the notice of appeal on November 19, 2019.

We are compelled to consider the timeliness of the appeal.

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. . . . Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. . . . Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

*Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (citations omitted); *see also Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2016) (This Court can raise timeliness of appeal "*sua sponte*, as the issue is one of jurisdiction to entertain the appeal.").

Pursuant to Pa.R.A.P. 905(a)(4), the instant notice of appeal thus has an ostensible filing date of November 14, 2018, the date it originally was received by the Superior Court Middle District Prothonotary. Pa.R.A.P.

905(a)(4). As noted *supra*, the order appealed was filed on October 12, 2018. The thirty-day appeal period expired on Tuesday, November 13, 2018, the thirty-second day, because the thirtieth day, November 11, 2018, fell on a Sunday, and Monday, November 12, 2018, was Veterans' Day, a legal holiday. *See* 1 Pa.C.S. § 1908 (Whenever the last day of an appeal period falls on a Saturday, Sunday, or legal holiday, "such day shall be omitted from the computation."). Thus, the instant notice of appeal filed November 14, 2018, facially was filed one day beyond the time permitted.

We observe, however, that Appellant's *pro* se notice of appeal is dated October 30, 2018. Appellant is incarcerated, and therefore, pursuant to the prisoner mailbox rule, we deem the notice of appeal to have been timely.[8] *See Commonwealth v. Jordan*, 182 A.3d 1046, 1048 (Pa. Super. 2018), *appeal denied sub nom*., *Commonwealth v. Vasquez Jordan*, 197 A.3d 711 (Pa. 2018) (petition dated March 16, 2016, that was received in trial court on March 21, 2016, is deemed to have been filed on March 16, 2016, pursuant

---

[8] While there are no other indications in the record regarding when Appellant delivered his *pro se* motion to prison authorities for mailing, our rule-to-show-cause order did not require that Appellant provide documents specific to this concern. Moreover, we observe that the Commonwealth does not challenge the timeliness of the notice of appeal. Commonwealth's Brief at 3 n.2; *see Commonwealth v. DiClaudio*, 210 A.32d 1070, 1074 (Pa. Super. 2019) (*pro se* notice of appeal considered timely under prisoner mailbox rule despite the fact that the record does not indicate when the appellant delivered his document to prison authorities for mailing, where Commonwealth does not challenge timeliness and the record reveals filing office's failure to forward *pro se* notice of appeal that violated appellate rules and constituted breakdown in operation of the courts).

to the prisoner mailbox rule); *see also Commonwealth v. Chambers*, 35 A.3d 34 (Pa. Super. 2011) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

As we opined *supra*, Appellant's Motion to Modify and Reduce Sentence should have been treated as a serial PCRA petition. It is well settled that "the PCRA is intended to be the sole means of achieving post-conviction relief. . . . [A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 465–466 (Pa. Super. 2013) (citations omitted). Accordingly, any petition for post-conviction collateral relief will generally be considered under the auspices of the PCRA, notwithstanding the title given to the petition, if the petition raises issues cognizable under the PCRA. *Commonwealth v. Hutchins*, 760 A.2d 50, 52 n.1 (Pa. Super. 2000); 42 Pa.C.S. § 9542.

Any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)–(iii) applies. This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

Appellant's judgment of sentence became final on March 29, 2001, upon the expiration of the ninety-day period to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (for PCRA purposes, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court or the Supreme Court of Pennsylvania, or at expiration of time for seeking review); United States Supreme Court Rule 13 (effective October 2, 1995, amended effective May 1, 1997) (petition for writ of *certiorari* to review judgment of sentence deemed timely when it is filed within ninety days after discretionary review has been denied by state's highest court). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by March 29, 2002. As the petition was filed over sixteen years later, on October 10, 2018, it is patently untimely.

Section 9545 of the PCRA provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545 (b)(1)(i)–(iii). The burden is on the petitioner to plead and prove facts that establish one of the statutory exceptions. ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.

Super. 2018). In addition, any exception must be raised within sixty days of the date the claim could have been presented.[9] 42 Pa.C.S. § 9545(b)(2).

In order to examine the petition's timeliness, we must consider what Appellant has raised. Appellant's Motion to Modify and Reduce Sentence, the denial of which he here appeals, presented only two claims: Appellant learned at some unspecified date in 2016 that he suffers from PTSD, and he regrets "what happen[ed] 20 years ago and if I could take it back I would . . . ." Motion to Modify and Reduce Sentence, 10/10/18, at ¶3. Neither of these allegations fits within any of the exceptions. Even if they did, they were not raised within sixty days of 2016, when a claim could have been presented. Thus, the "petition" is untimely and no exceptions apply.

Furthermore, even if an exception could be considered applicable, we observe that appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. Chapter 21. Pennsylvania Rule of Appellate Procedure 2111 provides specific guidelines regarding the content of an appellant's brief. In

_____

[9] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter. Here, Appellant's alleged claim arose "in 2016" when Appellant "found out . . . he was Suffering from [post traumatic stress disorder ("PTSD")] . . . ." Therefore, the amendment is inapplicable because Appellant's claim preceded December 24, 2017.

addition, Pa.R.A.P. 2114 through Rule 2119 specify in greater detail the material to be included in briefs on appeal. Further, Pa.R.A.P. 2101 provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101 ("Conformance with Requirements"). Moreover, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***In re Ullman***, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

The brief filed by Appellant fails to conform to the Pennsylvania Rules of Appellate Procedure. There is no identification of the order appealed, no statement of the case, and no summary of argument. Most egregiously, however, there is no statement of the questions involved. Pa.R.A.P. 2116 addresses the statement of questions involved and provides, in pertinent part, as follows:

**Rule 2116. Statement of Questions Involved**

> **(a) General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby**.

Pa.R.A.P. 2116(a) (emphasis added). The absence of a statement of questions involved is a significant impediment to our judicial review and precludes our review of any issues.

Equally problematic is the fact that Appellant's brief discusses and focuses upon *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750 (3d Circ. 2018), a case from the Third Circuit Court of Appeals that Appellant asserts presents a claim of "new legal facts." Appellant's Brief at 2–4. Such claim and argument never were presented to the lower court. Indeed, as noted *supra*, Appellant's Motion to Modify and Reduce Sentence presented only two claims: Appellant suffers from PTSD, and he regrets raping his niece. Motion to Modify and Reduce Sentence, 10/10/18, at ¶3. The failure to present such claim to the lower court is an added basis in support of waiver on appeal. *Commonwealth v. Jones*, 191 A.3d 830, 835 (Pa. Super. 2018) (Raising new theories of relief for first time on appeal results in waiver).

Consequently, because the instant petition was untimely and no exceptions apply, the lower court lacked jurisdiction to address the claims presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/09/2020